IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, | ) **COMPLAINT FOR** <br> ) **DECLARATORY JUDGMENT** <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. _____ <br> ) |
| BLOOMER SHIPPERS CONNECTING RAILROAD, | ) <br> ) <br> ) |
| Defendant. | ) |

Plaintiff, Aspen Specialty Insurance Company for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201, *et seq.*, alleges as follows:

## PARTIES

1.  Aspen Specialty Insurance Company ("Aspen") is a corporation organized under the laws of the State of North Dakota, with its principal place of business in New York, New York.

2.  Bloomer Shippers Connecting Railroad ("Bloomer") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Gibson City, Illinois.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(a). Aspen's cause of action seeks a declaratory relief judgment related to insurance claims submitted by Bloomer,

which is a resident of this judicial district, in relation to an insurance contract issued that was purchased and delivered in this judicial district.

## THE BLOOMER INSURANCE CLAIM AT ISSUE

5. Bloomer has notified Aspen of an insurance claim involving Jermaine Mays, who was allegedly injured while loading a railroad car on a train operated by Bloomer on October 16, 2015 at an Alliance Grain Company ("Alliance") facility in Gibson City, Illinois.

6. Mr. Mays filed suit against Bloomer and others on October 13, 2017 with respect to the injuries he sustained on October 16, 2015, in the Illinois Eleventh Circuit Court (Ford County) in an action captioned as *Jermaine Mays v. Archer Daniels Midland Company and The Bloomer Shippers Connecting Railroad Company*, No. 15-183 IL (11th Cir. Ct., Ford County).  Exhibit A.

7. On November 15, 2017, Bloomer notified Aspen of the Mays claim and requested a defense and potential indemnification from Aspen with respect to this matter.  Exhibit B.

8. During its initial investigation of this claim, Aspen discovered that Bloomer may have known of Mr. Mays' injuries almost two years prior to notifying Aspen of this claim.

9. Specifically, James R. Thompson, who serves on Bloomer's Board of Directors and is also the General Manager at Alliance, was aware of Mr. Mays' injuries, either on or shortly after the October 16, 2015 incident, but did not report the incident to any of Bloomer's insurers because he did not believe that Mr. Mays would assert a claim.  Exhibit C.

10. On January 19, 2018, Aspen, by way of a letter to Bloomer, reserved rights and disclaimed coverage for the Mays' claim on the basis that Bloomer did not timely notify Aspen of Mr. Mays' injuries.  Exhibit D.

## THE ASPEN POLICY

11. Bloomer purchased a Commercial Railroad Liability Insurance Policy, No. RL004R017, for the stated policy year of October 1, 2017 to October 1, 2018 (the "Aspen

Policy"). This Policy was a renewal of Aspen Policy No. RL 004 R016, stated policy period of October 1, 2016 to October 1, 2017. Exhibit E.

12. The Aspen Policy, subject to its terms, exclusions, limits and conditions, states that Aspen will provide railroad liability coverage to Bloomer in the amount of $5 million for each occurrence and $10 million in the aggregate, excess of a $25,000 self-insured retention. *Id.*

13. The Aspen Policy bars coverage for any "occurrence" which "any executive officer, partner or persons employed . . . in a supervisory capacity had knowledge of prior to the effective date of insurance and did not give notice to any prior insurer." *Id.* at Section I, Coverage A, Section 1(d)(2). *Id.* at Section I, Coverage A, Section 1(d)(2).

14. The Aspen Policy also requires Bloomer to notify Aspen "as soon as practicable" of any "occurrence" which may result in a claim. The Aspen policy further notes that notice of an "occurrence" is not notice of a claim. *Id.* at Section V, Paragraph 1(a). *Id.* at Section V, Paragraph 1(a).

15. The Aspen Policy provides that notice to Aspen is required, even if the insured does not believe that the event would give rise to a claim if the "occurrence" results in: "brain or spinal injuries;" "serious loss of use of any body functions;" "hospitalization of 60 days or more;" or "back injuries where the disability exceeds 6 months." *Id.* at Section V, Paragraph 1(e).

16. Mr. Mays allegedly sustained serious injuries on October 16, 2015, of which Bloomer did not notify Aspen until two years later, after Mays filed the underlying lawsuit. To the extent Bloomer did not notify Aspen or any prior insurer of Mr. Mays' injuries as soon as practicable, coverage is barred for this claim as a matter of law.

17. Additional terms, conditions, limits and exclusions of the Aspen Policy may apply and may affect the scope and extent of coverage for the claim asserted by Mr. Mays.

## COUNT I

### DECLARATORY JUDGMENT AS TO THE
### APPLICATION OF THE "PRIOR KNOWLEDGE" PROVISION

18. Aspen incorporates by reference paragraphs 1 through 17 of this Complaint.

19. A controversy exists between the parties concerning the application of the "prior knowledge" provision of Aspen Policy to Bloomer's Mays' claim.

20. Aspen seeks a declaratory judgment concerning the application of the "prior knowledge" provision of the Aspen Policy to Bloomer's Mays' claim.

## COUNT II

### DECLARATORY JUDGMENT CONCURRING LATE NOTICE

21. Aspen incorporates by reference paragraphs 1 through 20 of this Complaint.

22. A controversy exists between the parties concerning whether Bloomer provided timely notice of the "occurrence" related to the Mays claim as required by the Aspen Policy.

23. Aspen seeks a declaratory judgment that Bloomer did not provide Aspen with notice "as soon as practicable" after Bloomer's corporate officers were aware of Mr. Mays October 16, 2015 accident and subsequent injuries.

## COUNT III

### ADDITIONAL TERMS, LIMITS, CONDITIONS AND EXCLUSIONS

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint.

25. Additional terms, limits, conditions and exclusions contained within the Aspen Policy may apply to Bloomer's claim involving Mays and may affect the scope and extent of coverage, if any, with respect to the Mays' claim.

26.     To the extent that such additional provisions are found to exist and are applicable to this matter, Aspen seeks a declaratory judgment concerning the interpretation and application of such provisions related to the scope and extent of coverage.

WHEREFORE, Aspen respectfully requests pursuant to 28 U.S.C. §2201, *et seq.*, that:

1.      The Court enter a declaratory judgment defining the scope of coverage, if any, provided by the terms and conditions of the Aspen Policy with respect to Bloomer's Mays claim;

2.      In the event that coverage exists for this loss in excess of Bloomer's self-insured retention for Bloomer's Mays' claim, the Court enter a judgment determining the extent of Aspen's liability under the Aspen Policy; and

3.      The Court enter a judgment granting Aspen such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

BatesCarey LLP

By: _/s/ Joseph Pozen_____
Joseph P. Pozen
Matthew M. Murphy
Arthur F. Brandt
191 N. Wacker, Suite 2400
Chicago, IL  60606
(312) 762-3100 (Telephone)
(312) 762-3200 (Facsimile)
jpozen@batescarey.com
mmurphy@batescarey.com
abrandt@batescarey.com

*Attorneys for Aspen Specialty Insurance Company*

1880352_1.DOC / 13348

5